IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSS THOMAS BRANTLEY, III (TDCJ No. 1851307), | § § § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:14-cv-2738-P-BN |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Ross Thomas Brantley, III, a Texas inmate proceeding *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the application should be denied.

**Background**

In February 2013, a Dallas County jury convicted Petitioner of assault involving family violence and, after also finding that Petitioner used a deadly weapon – his hands – during the assault, assessed punishment of six years' imprisonment. *See State v. Brantley*, No. F-1300014-V (292nd Jud. Dist. Ct., Dallas Cnty., Tex.). The Dallas Court of Appeals affirmed the trial court's judgment as modified. *See Brantley v. State*, No. 05-13-00225-CR, 2014 WL 545514 (Tex. App. – Dallas Feb. 10, 2014). And a petition for discretionary review was denied. *See Brantley v. State*, PD-0209-14 (Tex. Crim. App. July 25, 2014).

Petitioner filed a state habeas application concerning this conviction while his direct appeal was pending, and it was dismissed for that reason. *See Ex parte Brantley*, WR-77,234-04 (Tex. Crim. App. Dec. 11, 2013); *see also* Dkt. No. 22-20. In that application, Petitioner challenged the deadly weapon finding and raised the right to self-defense as his second ground. *See* Dkt. No. 22-20 at 13-14.

He dated his second state habeas application concerning this conviction May 24, 2015 and raised therein only claims of ineffective assistance of appellate counsel. *See* Dkt. No. 22-23 at 4-17. The state habeas trial court issued findings and conclusions and recommended that the writ be denied on July 16, 2014. *See id.* at 38-52. And the Texas Court of Criminal Appeals denied Petitioner's application without a written order on the findings of the trial court made without a live hearing. *See Ex parte Brantley*, WR-77,234-05 (Tex. Crim. App. Sept. 24, 2014).

In his Section 2254 application, filed in this Court on July 29, 2014, Petitioner only raises claims that his trial counsel rendered constitutionally ineffective assistance. *See* Dkt. No. 1. Respondent has answered the Section 2254 petition, asserting that the claims made therein are unexhausted and procedurally barred. *See* Dkt. No. 18. And, in addition to making numerous other filings, Petitioner has replied, twice. *See* Dkt. Nos. 19 & 30.

**Legal Standards**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct

manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present each claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). As the United States Court of Appeals for the Fifth Circuit recently explained,

> [t]he exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and "a desire to protect the state courts' role in the enforcement of federal law." *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (internal quotation marks omitted) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). To satisfy these important purposes, a petitioner must "fairly present[]" his legal claim to the highest state court in a procedurally proper manner. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). The state courts must be apprised of the constitutional foundation of the claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Finally, "'[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.'" *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam)). Consequently, "'where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement.'" *Id.* (quoting *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)).

*Nickleson v. Stephens*, ___ F.3d ____, No. 13-41313, 2015 WL 6159751, at *3 (5th Cir. Oct. 20, 2015).

Measured against this standard, submitting to the highest state court claims that counsel on appeal rendered constitutionally ineffective assistance will not exhaust claims that trial counsel was also constitutionally ineffective. *Cf. Trahan v. Cooper*, No. 6:10-cv-1535, 2011 WL 1376317, at *7 (W.D. La. Mar. 9, 2011), *rec. adopted*, 2011 WL

1398753 (W.D. La. Apr. 12, 2011) ("Here, it is clear that petitioner initially raised a claim of ineffective assistance of trial counsel, and, when that claim was rejected by the district court, he raised an entirely different claim of ineffective assistance of post-conviction counsel in the appeals court and in the Supreme Court. In other words, petitioner's ineffective assistance of trial counsel claim was never litigated in the Louisiana Supreme Court and therefore petitioner has not exhausted state court remedies with respect to that claim.").

Unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005) (holding unexhausted claims ineligible for stay when state court would find them procedurally barred).

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.071, § 5. This is a codification of the judicially created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9. Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from

review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001). An exception to this bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

## Analysis

Petitioner's ineffective-assistance-of-trial-counsel ("IATC") claims are unexhausted and – likely – procedurally barred. While Petitioner has neither shown that his claims would be allowed in a subsequent habeas proceeding in state court under Texas law nor asserted the "fundamental miscarriage of justice" exception to procedural bar, the limited exception to procedural bar created in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), found applicable to Texas cases in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), arguably could apply if Petitioner's claims against his trial counsel were substantial. But, for the reasons discussed below, the *Martinez/Trevino* exception to procedural bar does not apply here because Petitioner has not shown that his underlying IATC claims are substantial.

"In *Martinez*, the Supreme Court held,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

> 132 S. Ct. at 1320. In 2013, the Supreme Court confirmed that *Martinez* applied to Texas prisoners who technically had the ability to bring their IAC claim on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition.

*Crutsinger v. Stephens*, 576 F. App'x 422, 430 (5th Cir. 2014) (per curiam) (citing *Trevino*, 133 S. Ct. at 1921); *see also Adams v. Stephens*, No. 4:14-cv-395-O, 2015 WL 5459646, at *4 (N.D. Tex. Sept. 17, 2015) ("*Trevino* recognizes that no counsel or ineffective counsel at the first state collateral review proceeding can constitute 'cause' to excuse a habeas petitioner's procedural default of a claim. *Trevino* merely established an exception to the procedural default rule...." (citation omitted)).

The narrow *Martinez/Trevino* exception to procedural bar only applies if a petitioner can show that the IATC claim presented is "substantial – that is, that it has 'some merit.'" *Cutsinger*, 576 F. App'x at 430 (quoting *Martinez*, 132 S. Ct. at 1318); *see id.* (noting that, "if a petitioner's IAC claim is not substantial enough to earn a [certificate of appealability], it is also not substantial enough to form the basis for excusing the procedural default" (citing *Martinez*, 132 S. Ct. at 1318-19 (in turn citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)))); *see also Speer v. Stephens*, 781 F.3d 784, 785 & n.4 (5th Cir. 2015) (noting the "limited nature" and "narrowness" of the exception (citing *Martinez*, 132 S. Ct. at 1320; *Trevino*, 133 S. Ct. at 1922 (Roberts, C.J., dissenting) ("We were unusually explicit about the narrowness of our decision [in *Martinez*].")); *Garcia v. Director, TDCJ-CID*, 73 F. Supp. 3d 693, 754-55 (E.D. Tex. 2014) ("[T]he Supreme Court opened the door slightly for a showing of cause and prejudice to excuse the default in *Martinez v. Ryan* ... and *Trevino v. Thaler*....").

Consistent with this authority – holding the substantiality that Petitioner must

show equivalent to the substantiality that must be shown to earn a COA – and because Petitioner was *pro se* in the "initial-review collateral proceeding," this Court will review his three IATC claims set out in the Section 2254 application, *see* Dkt. No. 1 at 6-7, under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), to determine whether Petitioner has "demonstrate[d] that reasonable jurists would debate 'whether the petition states a valid claim of the denial of a constitutional right,'" *Reed v. Stephens*, 739 F.3d 753, 774 (5th Cir. 2014) (quoting *Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000)) (citations omitted).

Petitioner has not shown that the IATC claims he asserts are substantial. That is, he has not demonstrated that reasonable jurists would debate either that the performance of trial counsel fell below an objective standard of reasonableness or, assuming that performance did, that Petitioner was prejudiced by trial counsel's substandard performance such that he was deprived "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687; *see id.* at 687-88, 692.

First, Petitioner asserts that trial counsel was ineffective because she did not object to the prosecution's decision to "seek a deadly weapon finding" and because he did not receive proper notice of that decision. *See* Dkt. No. 1 at 6. But, on direct appeal, the Dallas Court of Appeals ruled that there was sufficient "evidence to support the jury's finding that he used a deadly weapon during the assault." *Brantley*, 2014 WL 545514, at *2-*4.

> In this case, the evidence showed that Brantley was both taller and heavier than Smith. Smith testified that Brantley used his forearms to choke her until she urinated on herself. She suffered pain from the choking and was unable to breathe. Smith also testified that, after

> Brantley threw her on the bed, he straddled her and hit her in the face and head numerous times. Brantley was a professional boxer and, according to Smith, the blows felt like bricks falling on her head. She thought that she was going to die or suffer serious bodily injury. In Smith's opinion, Brantley's hands were a deadly weapon. Brantley confirmed that he was a professional boxer and testified that, if he hit somebody fifty or sixty times, they would be dead. Photographs taken of Smith after the altercation showed that her face was extremely swollen and bruised and that stiches [sic] were required to close the cut in her cheek. Smith testified she also had three fractured fingers from trying to defend her head from the blows.
>
> Although Brantley denied assaulting Smith and contended Smith was the aggressor, it was the role of the jury to make credibility determinations and resolve the conflicts in the evidence. Reviewing all the evidence in the light most favorable to the jury's verdict, we conclude a rational jury could have found that Brantley's hands were a deadly weapon.

*Id.* at *3-*4 (citations omitted).

The Dallas Court of Appeals's review of whether sufficient evidence supported the deadly weapon finding negates any claim that Petitioner did not receive proper notice of this special issue. The rest of Petitioner's first claim against trial counsel likewise fails because there was sufficient evidence, as found by the state court of appeals and set out above, to find that Petitioner's hands were a deadly weapon, "and trial counsel was not ineffective for failing to raise this as an issue." *Cady v. Quarterman*, No. 3:07-cv-611-D, 2009 WL 1437832, at *9 (N.D. Tex. May 22, 2009).

Second, Petitioner asserts that trial counsel was ineffective because she did not adequately cross-examine the complainant as to her alleged inconsistent statements, specifically that Petitioner hit her "[m]aybe 50, 60 times." *See* Dkt. No. 1 at 7; Dkt. No. 22-9 at 41. But the state court record reflects that trial counsel aggressively cross-examined the complainant and attempted to elicit testimony to establish that the

complainant was the aggressor. *See* Dkt. No. 22-9 at 65-85. In light of the evidence at trial and trial counsel's handling of this witness on the stand, Petitioner can neither demonstrate that this claim satisfies *Strickland*'s prejudice prong nor its performance prong.

Finally, Petitioner asserts that trial counsel was ineffective because "counsel told [Petitioner] that [he] had to take [the] stand at trial." Dkt. No. 1 at 7. Petitioner asserts that there was no need for him to testify after the complainant testified. *See id.* First, through this final claim, it is apparent that Petitioner is not stating that trial counsel usurped his decision as to whether or not to testify (he chose to testify). As the Fifth Circuit has summarized,

> [w]hen a defendant argues that his attorney interfered with his right to testify, this court applies the *Strickland* standard to ineffectiveness claims concerning the right to testify. *See United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001); *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (28 U.S.C. § 2254 case). Although under the *Strickland* ineffective-assistance standard "'the decision whether to put a Defendant on the stand is a "judgment call" which should not easily be condemned with the benefit of hindsight,' ... it cannot be permissible trial strategy, regardless of its merits otherwise, for counsel to override the ultimate decision of a defendant to testify contrary to his advice." *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002) (citation omitted).

*United States v. Araujo*, 77 F. App'x 276, 278 (5th Cir. 2003) (per curiam).

Rather than claiming that trial counsel overrode his decision to testify, Petitioner is merely Monday morning quarterbacking any advice by trial counsel that Petitioner should testify. But "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v.*

*Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003).

Assuming trial counsel advised Petitioner to testify, Petitioner has not shown that that advice should now be questioned by this Court through the backward-looking lens of federal habeas review. "The decision of whether to advise a criminal client to testify 'is frequently one of the most difficult and vexatious decisions a trial attorney must make' and '[t]he examination of that decision with the visual acuity inherent in hindsight is grossly inappropriate.'" *McKee v. Cain*, Civ. A. No. 10-344, 2010 WL 4366041, at *8 n.22 (E.D. La. Sept. 30, 2010), *rec. adopted*, 2010 WL 4362769 (E.D. La. Oct. 25, 2010) (quoting *Winfrey v. Maggio*, 664 F.2d 550, 552 (5th Cir. 1981)); *see also United States v. Garcia*, 762 F.2d 1222, 1226 (5th Cir. 1985) ("[T]he decision whether to put a Defendant on the stand is a 'judgment call' which should not easily be condemned with the benefit of hindsight."); *Coker v. Thaler*, 670 F. Supp. 2d 541, 553 (N.D. Tex. 2009) ("The decision whether to advise a defendant to testify is a tactical choice of trial strategy that is usually not subject to review under *Strickland*.").

## Recommendation

Petitioner's application for writ of habeas corpus should be denied, and both pending motions filed by Petitioner – for "a writ of mandamus" [Dkt. No. 32] and "an injunction" [Dkt. No. 33] – should be denied as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 27, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE